Federal Ins. Co. v. MTA, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand nineteen.

PRESENT:
>>PETER W. HALL,
>>DEBRA ANN LIVINGSTON,
>>>*Circuit Judges*,
>>CLAIRE R. KELLY,
>>>*Judge*.*

---

FEDERAL INSURANCE COMPANY,

>*Plaintiff-Appellant*,

>v.                                                                    No. 18-3664-cv

METROPOLITAN TRANSPORTATION AUTHORITY, NEW YORK CITY TRANSIT AUTHORITY,

>*Defendants-Appellees*,

LANMARK GROUP, INC.,

>*Defendant*.

---

*Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

*For Plaintiff-Appellant*:    JONATHAN S. BONDY (Marc R. Lepelstat, on the brief) CHIESA SHAHINIAN & GIANOTOMASI PC, West Orange, NJ.

*For Defendants-Appellees*:    IRA LIPTON, (Jeffrey A. Miller, on the brief) HOGUET NEWMAN REGAL & KENNEY, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Keenan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Federal Insurance Company ("Federal") appeals from the November 14, 2018 judgment of the United States District Court for the Southern District of New York denying its request for declaratory and injunctive relief and granting the motion of Metropolitan Transportation Authority and the New York City Transit Authority (collectively, "NYCTA") to dismiss Federal's sole claim against it. In so doing, the district court determined that Federal, as surety of a performance bond on behalf of principal Lanmark Group, Inc. ("Lanmark"), was bound by the arbitration provision contained in the contract between NYCTA and Lanmark (the "Contract") to arbitrate all questions concerning the Contract, including the gateway questions of arbitrability. Federal argues that the district court erred in holding that Federal was bound by the arbitration clause because that provision is expressly limited to Lanmark and NYCTA. We assume the parties' familiarity with the underlying facts, procedural history, and the arguments presented on appeal.

2

We review *de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party. *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001). We will affirm only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Federal's assertion that it is not bound by the arbitration clause because the clause applies only to Lanmark and NYCTA is unavailing. The district court properly concluded that Federal's argument in this regard is subject to determination under the arbitration provision of the Contract.

It is well-established that "a broadly-worded arbitration clause which is not restricted to the immediate parties may be effectively incorporated by reference into another agreement." *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42, 48 (2d Cir. 1993). Here, the bond expressly incorporated by reference all terms of the Contract. And the arbitration provision within the Contract states, in pertinent part, "[t]he parties to this Contract hereby authorize and agree to the resolution of all Disputes arising out of, under, or in connection with, the Contract in accordance with the [arbitration procedures described later in the provision]." The provision defines "disputes" as "any . . . challenge or assertion" by Lanmark having anything to do with the Contract. That language is sufficiently broad to bind Federal despite it being a nonsignatory to the Contract. *See Ibeto Petrochemical Indus. Ltd. v. M/T Beffen*, 475 F.3d 56, 59 (2d Cir. 2007) (holding that the clause "[a]ny and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration" bound a nonsignatory to go to arbitration); *Progressive*, 991 F.2d at 48

3

(holding that the clause "[a]ny question or dispute arising between the contracting parties concerning the interpretation of this agreement . . . shall be settled by arbitration" was sufficiently broad to require a nonparty to bring its claims to arbitration.).

Federal also challenges the district court's determination that the arbitrability of Federal's claims is a question for the arbitrator, not the judge. We are not persuaded. The district court correctly concluded that the question of arbitrability in this matter is for the arbitrator to decide. The question of arbitrability "is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 344 (2d Cir. 2010) (internal quotation marks omitted). A party may overcome the presumption in favor of judicial determination of arbitrability by showing that the parties have entered into a separate agreement that either states "any and all" controversies are to be brought in arbitration or expressly incorporates the provisions of another contract that require questions of arbitrability to be decided by an arbitrator and not the court. *John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 55 (2d Cir. 2001).

The Contract uses "any and all" language when it states "parties to this Contract hereby authorize and agree to the resolution of *all* disputes arising out of, under, or in connection with, the Contract" through arbitration. App'x 607 (emphasis added). That language indicates that Federal and NYCTA "clearly and unmistakably" required the issue of arbitrability to be decided by the arbitrator, not

4

the court.  The district court correctly ruled that the issue of arbitrability is to be decided by the arbitrator, not the court.

We have considered all of Federal's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court